**IN THE COURT OF APPEALS OF IOWA**

No. 16-2094
Filed October 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICHARD LEE NEWMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink,

Judge.

        Richard Newman appeals his convictions for operating while intoxicated,

second offense, and first-degree eluding.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson and Tyler J. Buller,

Assistant Attorneys General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Richard L. Newman guilty of operating a motor vehicle while intoxicated (second offense) and first-degree eluding. *See* Iowa Code §§ 321J.2, 321.279(3)(b) (2016). On appeal, Newman contends the evidence was insufficient to support the findings of guilt.

The jury was instructed that the State would have to prove the following elements of operating a motor vehicle while intoxicated: "1. On or about the 15th day of July, 2016, the Defendant was operating a motor vehicle. 2. At the time, the Defendant was under the influence of alcohol." The jury was also instructed on the elements of first-degree eluding, which required a finding "the Defendant was operating the motor vehicle while under the influence of alcohol or drugs or a combination thereof." Newman takes issue with the "under the influence" element of both counts. He asserts, "The videos of [him] after he was pulled over and at the police station do not show an intoxicated person."

The jury was instructed that a person is "under the influence" when, by drinking liquor and/or beer, one or more of the following is true: "1. His reason or mental ability has been affected. 2. His judgment is impaired. 3. His emotions are visibly excited. 4. He has, to any extent, lost control of bodily actions or motions."

A reasonable juror could have found the following facts. A Des Moines police officer observed Newman driving a car without a license plate. He turned on his overhead lights and followed Newman into the parking lot of a store. Newman drove through the lot and suddenly accelerated. The officer activated his siren and pursued Newman down a large thoroughfare and through

neighborhood streets at speeds of fifty to sixty-five miles per hour. The actual speed limit in these areas was twenty-five to thirty miles per hour.

Eventually, Newman crashed into a parked car, jumped out of his vehicle, and ran. The officer gave chase and apprehended him. As he placed Newman in handcuffs, the officer "could smell the odor of alcohol coming from" him. He also noticed that Newman had "bloodshot eyes." A partially consumed bottle of brandy was found in Newman's car. Newman admitted, "I'm gonna blow dirty because I just had [a] swig." *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) (noting defendant "acknowledged he consumed alcohol prior to the incident"). The officer contacted another officer with expertise in OWI cases.

The second officer also smelled alcohol on Newman and noticed his eyes were "watery and bloodshot." He testified Newman's "speech was slurred," "he was swaying when he stood," and there was "a brief stagger when he walked." *Id.* (citing police observation of "numerous signs of alcohol intoxication"). The officer estimated he spent ten minutes with Newman at the scene, several minutes transporting him to the Des Moines police station, and one-and-a-half to two hours at the station.

A reasonable juror could have found from these facts that Newman was under the influence of alcohol. Although the first officer testified that he did not hear Newman slurring his speech on his review of video recordings, the second officer disagreed. Given the time the second officer spent with Newman, as well as his expertise in OWI cases, the jury reasonably could have credited his testimony over that of the first officer. *See State v. Williams*, 695 N.W.2d 23, 28

(Iowa 2005) (determining the credibility of witnesses on motions for judgment of acquittal is the province of the jury).

The jury also could have given weight to Newman's flight and the ensuing high-speed chase and could have found his behavior indicative of "visibly excited emotions" or impaired judgment. *See Truesdell*, 679 N.W.2d at 616 ("Truesdell also drove the vehicle at a high rate of speed, and nearly struck store employees in the parking lot."); *State v. Hintze*, No. 12-2125, 2013 WL 5758018, at *2 (Iowa Ct. App. Oct. 23, 2013) (stating the decision to flee "reveals his reasoning and judgment were impaired"). Conversely, the jury could have placed little weight on Newman's lucid conversation with the officers following his apprehension. Even if Newman's "reason or mental ability" was intact, the jury only had to find the evidence satisfied one of the four factors.

The jury's findings of guilt were supported by substantial evidence. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) (setting forth standard of review). We affirm Newman's convictions for operating while intoxicated (second offense) and first-degree eluding.

**AFFIRMED.**